ALLEN S. LATHROP

*v.*

FREDERICK HAYES.

[57  279|
39a 615|

1.  JUSTICES OF THE PEACE—*consolidating causes of action—suit subse-
quently brought by defendant—construction of act of* 1845.  Under section 35,
chapter 59, Revised Statutes of 1845, where a party commences his action
before a Justice of the Peace, the adverse party, if he have any demands
existing at the time of the commencement of the suit, must bring forward
the same to be litigated in that particular suit, if the same are of such a
character that they can be consolidated, and which do not exceed $100
when consolidated into one defense, and failing to do so, and the suit pro-
ceeds to final judgment, he is forever debarred from the privilege of suing
for any such debt or demand.

2.  So where a party commenced an action before a justice of the peace,
against another, and as soon as service of process was had, the defendant
commenced an action against the plaintiff, before another justice, the claims
of both parties being under $100, and of such a nature that they could have
been legally consolidated in one action and defense, and the suit first com-
menced having progressed to final judgment, and the defendant therein failed
to set off his claim as the law required him to do, it was *held*, he could not
maintain his action subsequently commenced in respect thereto, although
he obtained judgment therein, by default, before the justice, an appeal
being taken therefrom to the circuit court, prior to the rendition of the
judgment in the suit previously commenced against him.

3. The statute, however, does not apply to actions commenced under the attachment laws of this State. For in such actions the defendant may have no actual, but only constructive, notice of the pendency of the suit, and therefore could have no opportunity to bring forward his demands, and ought not to be debarred of his right of action without a day in court.

APPEAL from the Circuit Court of Bureau county ; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action brought by Hayes against Lathrop, before one Eastlick, a justice of the peace, on a verbal contract claimed to have been made between the parties. The sum-. mons was issued by the justice on the 5th day of January, 1867, was returnable on the 11th day of that month, and was duly served on the 7th of the same month. A judgment by default was rendered against Lathrop for $99.50, from which judgment he appealed to the circuit court. · A trial in the circuit court resulted in a judgment for the plaintiff of $50, from which the defendant appeals to this court.

It appears from the evidence that on the 3d day of January, 1867, Lathrop, the appellant herein, brought a suit against Hayes, the appellee, before Manrose, a justice of the peace, on an account owing from Hayes. The summons was served on the 5th, and was returnable on the 12th of the same month. On the return day of the summons both parties appeared, and upon trial, judgment was rendered against Hayes, from which no appeal was taken.

On the trial in the circuit court a complete transcript of the proceedings before Manrose, in the case of Lathrop against Hayes, was introduced in evidence without objection, and the appellant contends that the judgment in that case, the claims of the respective parties being under $100, and of such a nature that they could have been legally consolidated into one action and defense, constitutes under the statute a complete bar to the present action.

Messrs. FARWELL & HERRON, for the appellant.

Messrs. STIPP & GIBBON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The question involved in this case depends on the construction that shall be given to section 35, chapter 59 of the R. S. 1845, which declares that "in all suits which shall be commenced before a justice of the peace, each party shall bring forward all his or her demands against the other party existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed $100 when consolidated into one action or defense, and on refusing or neglecting to do the same, shall forever be debarred from the privilege of suing for any such debt or demand."

The fair construction of this statute is, that where a party commences his action before a justice of the peace, the adverse party, if he shall have any demands existing at the time of the commencement of the suit, shall bring forward the same to be litigated in that particular suit, if the same are of such a character that they can be consolidated into one defense, or else he shall forever be debarred. Indeed, we do not see how it will bear any other construction without utterly disregarding the plain meaning of the words used. Doubtless it was the intention of the legislature to prevent the multiplicity of unimportant suits in which only small sums of money would be involved. If the party who commences the first action can not compel the other to submit to the jurisdiction of the justice selected to try the cause, then the intention of the legislature would be totally defeated, and the law would become a dead letter on our statutes. Such a construction would permit a party, so soon as an action was commenced against him, and process served, to turn round and commence another action before another justice against his adversary,

and there would be two suits pending at the same time, when the law contemplates that there should be but one. The true meaning of the statute is that both parties shall submit to the jurisdiction of the justice who first obtains jurisdiction, and if the action proceeds to final judgment, both parties will be concluded thereby.

In *McKinney* v. *Finch*, 1 Scam. 152, in construing this statute, the court say, " the objects the legislature doubtless had in view were to prevent the multiplicity of suits where the matters in dispute were small, and to avoid the unnecessary accumulation of costs. These objects are effected by deciding that where a suit is commenced before a justice, in which all the demands of the parties may be investigated consistently with the rules of law, and such suit terminates in a judgment binding on both parties, if the parties do not bring forward all their demands which might have been consolidated in one action, or defense, then such demands thus neglected to be exhibited shall not be the foundation of a future action." See also *Carson* v. *Clark*, 1 Scam. 113.

In *Douglass* v. *Hoag*, 1 Johns. 284, the court, in construing a statute almost identical with that of ours, say, that " to permit a defendant against whom a suit is brought, immediately to commence a cross action, and endeavor to have his cause brought to trial first, and compel the plaintiff in the first action to set off his demand in the second, would not only be throwing on him the costs of his own suit which he had a legal right to commence, but would be opening the door to that kind of strife and vexatious practice which ought not to be countenanced." See also *Sargent* v. *Holmes*, 3 Johns. 428.

In this instance the appellant first commenced his action against the appellee, and as soon as service of process was had, the appellee commenced the present action before another justice. This he had no legal right to do. The claims of both parties were under $100, and were of such a nature that they could have been legally consolidated in one action and defense. The appellee having failed to set off his claim as the law

required him to do, in the action commenced by the appellant, and that suit having progressed to final judgment, his right of action is now forever debarred.

It is perhaps proper to say that this statute has no application to actions commenced under the attachment laws of this State. The reason for the distinction is this : In such actions the defendant may have no actual, but only constructive, notice of the pendency of the suit, and therefore could have no opportunity to bring forward his demands, and he ought not to be debarred of his right of action without a day in court. The statute was only intended to apply to ordinary actions commenced before justices of the peace.

We are of opinion that the judgment is contrary to the law and the evidence, and must be reversed, and the cause remanded.

*Judgment reversed.*