H. TOMPKINS

v.

JAMES GERRY.

*Practice Act, Sec. 30—Sec. 49, Chap. 79, R. S.*

1. Sec. 30 of the Practice Act, which permits a defendant having claims or demands against the plaintiff in a given action, to plead the same, or give notice thereof under the general issue, or under the plea of payment, and provides that the same or such part thereof as he shall prove on trial, shall be set off and allowed him, is not mandatory. It differs in that respect from Sec. 49, Chap. 79, R. S., which requires parties to suits before justices to bring forward all existing demands which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated.

2. The commencement of a suit in the Circuit Court will not bar or preclude the defendant therein from bringing a suit in a justice court against the party bringing the same.

[Opinion filed June 21, 1892.]

APPEAL from the County Court of Wayne County; the Hon. WILLIAM KNODELL, Judge, presiding.

Messrs. ADAMS & BONHAM, for appellant.

Messrs. CREIGHTON & KRAMER, for appellee.

GREEN, P. J.    Appellant brought suit against appellee in the Circuit Court of Wayne County, on May 5, 1891. Writ returnable to October term, 1891. Summons served May 6th. On May 11, 1891, appellee sued appellant before a justice of the peace of said county. The case was called for trial on May 19th. Appellant appeared and filed a plea setting up the pendency of the first suit, and moved to quash the writ and dismiss the suit. The court overruled the motion, heard evidence introduced on behalf of appellee and entered judgment in his favor for $188.44. From this judgment appellant took an appeal to the County Court, and then refiled his said plea signed and sworn to. Appellee filed a general demurrer to said plea, which was sustained by the court; appellant abided by his plea and refused to further plead, whereupon the court heard evidence and entered judgment for appellee for $188.44. To reverse this judgment appellant took this appeal. The demurrer was properly sustained. The law did not require Gerry to come in and set off his claim against Tompkins in the first suit, nor did the commencement of that suit bar or preclude Gerry from bringing his suit against Tompkins. Sec. 30 of the Practice Act permits a defendant having claims or demands against the plaintiff to plead the same, or give notice thereof under the general issue, or under the plea of payment, and the same, or such part thereof as he shall prove on trial, shall be set off and allowed him. We do not regard this section mandatory, but it differs in that respect from Sec. 49, Chap. 79, R. S., which requires each party in suit before a justice of the peace to bring forward all existing demands which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated. Laythrop v. Hayes, 57 Ill. 279; McDole v. McDole, 106 Ill. 452. The judgment of the County Court is affirmed.

*Judgment affirmed.*