## Dawson v. Cunning.

1.   APPEALS—*Justice's Court—Filing of Transcripts.*—The taking of an appeal from a justice's judgment within the twenty days allowed for that purpose does not have the effect of vacating the judgment in the Circuit Court, perfected by the filing of the justice's transcript in the office of the clerk of said court prior to the taking of said appeal.

2.   APPEALS FROM JUSTICE'S COURT—*After Transcript in the Circuit Court—Effect upon the Judgment—Illustration.*—D. recovered judgment against C. before a justice of the peace. He immediately swore out an execution which was returned unsatisfied. Thereupon at his request the justice certified to the clerk of the Circuit Court a transcript of the judgment and the same was filed and recorded pursuant to Sec. 95, Chap. 79, R. S. Within the twenty days from the rendition of the judgment, C. perfected an appeal to the Circuit Court; a writ of supersedeas was issued and served upon the justice. While the appeal was pending C. filed his bill in chancery and upon these facts asked that the judgment be set aside and vacated. *It was held,* that the judgment was not, by reason of said appeal, vacated or annulled, and neither was the lien created by filing the transcript in the clerk's office, abrogated, or in any way interfered with. The execution of the lien was stayed, but the lien itself was not destroyed. It remained as effectual in every respect except as to proceedings to enforce it, as it was before the bond was filed and the appeal perfected. The appeal operated to stay proceedings merely, and not to vacate anything which before had been done.

3.   JUDGMENTS—*Filing Transcript from Justice's Court in the Circuit Clerk's Office.*—The fact that the transcript of the justice's judgment is filed in the office of the circuit clerk within twenty days allowed by the statute for an appeal, and before the appeal is in fact taken, does not alter the effect of the statute in making the judgment a lien upon real estate after such transcript has been filed.

4.   JUDGMENTS—*Liens upon Real Estate—Effect of Taking an Appeal.*—The real estate of the defendant in a judgment before a justice of the peace is bound from the date of filing the transcript in the office of the circuit clerk. The time of making and filing the transcript is

limited only by the precedent fact of the return of the execution unsatisfied.

5. JUSTICE'S COURT—*Effect of Issue before the Expiration of the Time for the Appeal.*—The effect of the execution issued either before or after the expiration of the twenty days allowed for the appeal is the same except that where issued before, no sale of property thereunder can take place within the twenty days of the date of the judgment.

**Memorandum.**—Bill to vacate a judgment. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the March term, 1893. Reversed with directions. Opinion filed April 12, 1893.

APPELLANT'S BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

An appeal from a judgment of the Circuit Court does not vacate or destroy the lien of the judgment. Curtis v. Root 28 Ill. 367; Shirk v. Gravel Road Co., 110 Ill. 661; Oakes v. Williams, 107 Ill. 154; Moore v. Williams, 132 Ill. 589; McGinnis v. Fernandes, 32 Ill. App. 424.

HENRY HUDSON, attorney for appellee.

OPINION OF THE COURT, SHEPARD, J.

The appellant recovered a judgment against appellee before a justice of the peace; an execution was sworn out and returned "no property found," and thereupon, at the request of the appellant, the justice certified to the clerk of the Circuit Court a transcript of the judgment, and the same was filed and recorded in the office of said clerk, as authorized by Sec. 95, Chap. 79, Rev. Stat. Ill.

The judgment was recovered July 26, 1892, and the execution was issued and returned, and the transcript filed July 28, 1892.

On August 8, 1892, within less than twenty days from the rendition of the judgment, the appellee perfected an appeal from said judgment to the Circuit Court, and a writ of supersedeas was issued and served upon the justice. While said appeal remained pending and undetermined, the appellee filed his bill in equity, alleging the above facts, and showing that the record in the Circuit Court clerk's office

of the transcript of said judgment purported to constitute a lien upon all his real estate in Cook county, to the extent of said judgment, and worked great injury and expense to him in his business and real·estate dealings; and praying that the said transcript and the supposed lien thereby created may be set aside and be held to have no force or effect as against him or his property, and that the said judgment in the transcript named, be canceled and held for naught.

The Circuit Court overruled the demurrer of appellants to the bill, and entered a decree in substantial accordance with the prayer of the bill.

From that decree the appeal is prosecuted.

The argument of appellee is that the transcript having been filed and recorded in·the office of the clerk of the Circuit Court before the twenty days allowed by the statute for an appeal had expired, no lien was created, and that the appeal having been perfected within the twenty days, equity would rightfully decree an annullment of the transcript and a wiping out of the apparent lien or cloud thereby created upon the real estate of the appellee.

The court below by its decree seems to have entertained that view of the case.

Sec. 82, Chap. 79, Rev. Stat. Ill. provides that no execution shall issue upon a judgment rendered by a justice of the peace, until after the expiration of twenty days from the date of the judgment, unless oath be made by the party applying for the same, his agent or attorney, that he believes the debt will be lost unless execution issue forthwith, and that upon such oath being made, execution shall immediately issue; and that the issuing of such execution shall not deprive either party of the right to appeal.

Sections 95, 96 and 97 of the same chapter provide that when it shall appear by the return of an execution that the defendant has not personal property sufficient to satisfy the judgment, the justice shall, on request, certify to the clerk of the Circuit Court a transcript of the files, proceedings and judgment before him, which shall be filed and recorded by said clerk, and the judgment shall thenceforward have

all the effect of a judgment of the said court, and execution shall issue thereon out of that court, as in other cases.

Section 87 of the same chapter, provides that the real property of the defendant in a judgment before a justice of the peace, not exempt from execution, shall be bound for the payment of such judgment from the date of the filing of a transcript of the judgment in the clerk's office, as provided in section 95.

Other sections of the same chapter provide for an appeal within twenty days from the rendition of a justice's judgment, either by filing a bond in the office of the justice, or by filing a bond in the office of the clerk of the court to which the appeal is to be taken, and makes it the duty of the clerk, in the latter case, to issue a supersedeas, to be served on the justice and constable, enjoining them from proceeding any further in the suit, and suspending all proceedings in relation thereto.

When, therefore, as was done in this case, the appellee filed his bond in the Circuit Court clerk's office, and the writ of supersedeas was issued and served, all proceedings under the judgment were suspended. The judgment was not, however, thereby vacated or annulled, and neither was the lien created by filing the transcript in the clerk's office abrogated or in any way interfered with. The execution of the lien was stayed, but the lien itself was not destroyed. It remained as effectual in every respect except as to proceedings to enforce it, as it was before the bond was filed and the appeal perfected. The appeal operated to stay proceedings merely, and not to vacate anything that had been done before.

We do not think the fact that the transcript was filed within the twenty days allowed for an appeal, and before the appeal had been taken, alters the effect of the statute in making the judgment a lien upon real estate after the transcript was filed.

The statute is express, that the real estate of the defendant in the judgment shall be bound from the date of filing the transcript. The time of making and filing the tran-

script is limited only by the precedent fact of the return of an execution unsatisfied, and the statute expressly provides that execution may issue after the lapse of twenty days from the rendition of the judgment, or sooner, upon oath being made that the affiant believes the debt will be lost, unless execution be issued forthwith, before the lapse of twenty days.

The effect of an execution issued either before or after the twenty days have run, is exactly the same, except that where issued before, no sale of any property thereunder shall take place within twenty days from the date of the judgment.

The statute itself makes no discrimination between executions issued at one time from those issued at another, except as we have specified, and in providing for the filing of a transcript to give a lien on real estate, places no other limit upon that right than that an execution shall have been returned unsatisfied, because of insufficiency of personal property in the defendant to satisfy it.

It was therefore erroneous for the Circuit Court to decree an annullment of the record of the transcript.

The demurrer should have been sustained and the bill dismissed for want of equity. Reversed with directions to dismiss the bill.