DENNIS RYAN

*v.*

GEORGE W. NEWCOMB *et al.*

*Filed at Ottawa October 26, 1893.*

WRIT OF POSSESSION—*while case is pending on writ of error.* After decree of affirmance by the Appellate Court, and before the suing out of a writ of error from the Supreme Court, the circuit court will have jurisdiction to grant a writ of possession to put a party into the possession of the land. Even while the case is pending in the Appellate Court, after its refusal to grant a *supersedeas,* the defendant in error will have the right to apply for such writ.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kankakee county; the Hon. C. R. STARR, Judge, presiding.

Mr. DENNIS RYAN, *pro se.*

Mr. GEORGE EDDY NEWCOMB, for the defendants in error.

Per CURIAM: The facts of this case appear in the following opinion of the Appellate Court:

"Dennis Ryan filed his bill in equity, against George W. Newcomb and others, for an accounting, and for leave to redeem certain lands from sale under a trust deed. The cause has been before the Supreme Court three times. (See *Ryan* v. *Newcomb et al.* 125 Ill. 91, 136 id. 57, and 141 id. 517.) When remanded the second time, the circuit court, at the

April term, 1891, rendered a decree allowing Ryan to redeem on payment of $2855.16 within six months, and providing that the defendant in error Collins H. Jordan should be let into possession of the premises on the failure of Ryan to pay as required by the decree. From that decree Ryan prosecuted a writ of error to this court. A *supersedeas* was denied Ryan, and at the December term, 1891, this court affirmed the decree of the circuit court. (45 Ill. App. 527.) Ryan subsequently prosecuted a writ of error from the judgment of this court to the Supreme Court, and on February 27, 1892, obtained a *supersedeas.* The Supreme Court affirmed the judgment of this court. (141 Ill. 517.) After the judgment of this court, and prior to the suing out of the writ of error from the Supreme Court, defendants in error, on January 23, 1892, obtained an order from the circuit court for a writ of possession. From that order Ryan now prosecutes this writ of error, and urges that the circuit court had no jurisdiction to make it, because the cause was pending in this court.

"It will be observed that when the order was entered the cause had been disposed of in this court, and was not pending in the Supreme Court. Even while the case was pending in this court, inasmuch as a *supersedeas* had been denied, defendants in error had the right to apply for, and the circuit court had the jurisdiction to grant, a writ of possession.

"The order is affirmed."

Nothing can profitably be added to what is said in this opinion. The conclusion therein announced is clearly right.

*Judgment affirmed.*