JOHN D. CREIGHTON ET AL., APPELLEES, V. M. C. KEITH ET AL., IMPLEADED WITH THADDEUS J. FOLEY, APPELLANT.

FILED MARCH 3, 1897. No. 7078.

1. **Review: SUPERSEDEAS.** While a supersedeas bond is not essential to obtain a review of a decree in an equity cause, such bond is indispensable to a stay of the enforcement of such decree pending the review.

2. **Res Judicata.** A judgment or decree in full force is binding upon the parties thereto, and their privies, as to the issues adjudicated.

APPEAL from the district court of Lincoln county. Heard below before HOLCOMB, J. *Reversed.*

*E. J. Hainer* and *T. Fulton Gantt,* for appellant.

*E. C. Calkins, J. B. Strode,* and *George E. French, contra.*

NORVAL, J.

In July, 1888, William M. Holtry and several others formed a corporation known as the North Platte Milling & Elevator Company, having its principal place of business at North Platte, and the purposes of its organization being, among others, the buying, selling, and storing of grain and the manufacture of mill products. The articles of corporation contained this provision: "The capital stock of the company shall be seventy-five thousand (75,000) dollars, divided into shares of one hundred (100) dollars each, forty per cent of which shall be paid in on or before the 10th day of July, 1888, and the residue when called for as provided in the by-laws of the company; provided that no assessment on capital stock shall be made unless there are dividends due and unpaid on capital stock sufficient to meet such assessment, and no assessment shall be made unless authorized by a vote of three-fourths of the capital stock." Forty per cent of the amount of the entire capital stock subscribed was paid down, but no other or further payments thereon have been made. After the corporation commenced business it became indebted to John C. Creighton and others, plaintiffs herein, and to secure which it executed mortgages upon its real estate, which were foreclosed on June 15, 1891. The property was sold under decree, and deficiency judgments were rendered against the corporation, upon which executions were issued and returned wholly unsatisfied. Thereupon this suit was instituted against the original stockholders and their assignees, Thaddeus J. Foley and others, claiming that the defendants were indebted to the corporation for sixty per cent of the amount of stock subscribed, praying a decree that the defendants be required to satisfy plaintiffs' judgments. From a decree for plaintiffs the defendant Foley alone appeals.

The petition, for cause of action against Foley, alleges that on the 24th day of February, 1890, he purchased of

his co-defendant Holtry 200 shares of the capital stock of the corporation, at which time only forty per cent of the amount of said stock had been paid, and that Foley assumed and agreed to pay the remaining sixty per cent thereof. To this charge in the petition Foley, in his answer, avers that Holtry, by fraudulent and false representations, did sell, convey, and transfer to Foley the amount of stock as stated in the petition; alleges that said sale was void, and pleads a decree of the district court of Lincoln county, rendered December 29, 1891, which vacated, set aside, and annulled said transfer of stock, in an action wherein said Foley was plaintiff and said Holtry was defendant. For reply to this portion of the answer, plaintiffs allege that they were not parties to the suit wherein said decree (which is set out in full in the answer) was rendered, and "that said decree has not become final, but that the case wherein the same was rendered is now pending on appeal in the supreme court of the state of Nebraska." A demurrer to this portion of the reply was overruled.

But one of the numerous questions argued in the briefs of counsel will be noticed, and that is whether the said decree in the case of Foley v. Holtry is a bar to this action. It fully appears from the pleadings herein that in said suit, and prior to the bringing of this action, Foley obtained a decree against Holtry adjudging that the former, by the false representations of the latter, was induced to purchase said shares of stock, and that the court rescinded the transfer on that ground. For a report of the decision of this court affirming said decree see *Foley v. Holtry*, 43 Neb., 133. If the decree of rescission was in force at the time of the trial in the court below, and it is binding upon plaintiffs, it is a complete defense to this action, since, in contemplation of law, Foley was not a stockholder in the corporation, and, therefore, not liable for its debts. Section 675 of the Code of Civil Procedure authorizes appeals from the district court to the supreme court from final orders and decrees in all

actions in equity, if effected within six months from the rendition thereof. Section 677 declares: "No appeal in any case in equity now pending and undetermined, or which shall hereafter be brought, shall operate as a supersedeas, unless the appellant, or appellants, shall, within twenty days next after the rendition of such judgment, or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows:" etc. The giving of a supersedeas bond is not essential to the prosecution of an appeal in an equity cause, but is indispensable to a stay of proceedings pending a review in the appellate court. Such is the plain meaning and effect of the section above quoted, and this court has so held. (*McAusland v. Pundt*, 1 Neb., 211; *Parker v. Courtney*, 28 Neb., 605; *State v. Ramsey*, 50 Neb., 166.) In the second case, in construing section 677, it was said: "It is evident that where no supersedeas bond is filed the decree remains in full force, and that when a third party purchases property at a judicial sale, or in reliance upon the decree then in force, his rights cannot be divested by a subsequent reversal of the decree." (See Elliott, Appellate Procedure, secs. 544, 546; *Ryan v. Newcomb*, 45 Ill. App., 527, 147 Ill., 368.) The answer pleads the rendition of the decree, and the reply admits it to be true. While the reply avers that the case in which the decree was entered is pending on appeal in this court, it is not alleged that any supersedeas bond was ever given. "An appeal does not operate as a supersedeas, except as provided by statute, and upon the terms imposed by statute." (*Home Fire Ins. Co. v. Dutcher*, 48 Neb., 755; *State v. Ramsey*, 50 Neb., 166.) The reply, therefore, did not state sufficient facts to avoid the defense interposed by the answer, and the demurrer to the reply should have been sustained. The trial court found a bond was filed to stay the execution of the decree, but as such matter was not made an issue by the pleadings, the finding must be disregarded.

The appeal by Holtry in the case brought against him

by Foley did not have the effect to vacate and set aside the decree rendered therein. "If the judgment had not been appealed from it would, upon a familiar elementary principle, have so completely terminated and adjudicated all the questions embraced within the issues as to conclude the parties. The appeal does not take from the judgment its chief and much valued characteristic,— that of terminating the litigation by a final and conclusive adjudication; on the contrary, the judgment retains that characteristic and possesses that effect until reversed." (Elliott, Appellate Procedure, sec. 544.) A decree is affected by an appeal no further than that proceedings are stayed pending the review, where there has been filed a proper bond, and perhaps the decree is not admissible as evidence. In addition to the authorities already cited, see *Burton v. Burton*, 28 Ind., 342; *Burton v. Reeds*, 20 Ind., 87; *Randles v. Randles*, 67 Ind., 434; 1 Freeman, Judgments, sec. 328; *Day v. De Yonge*, 33 N. W. Rep. [Mich.], 527; *Woodbury v. Bowman*, 13 Cal., 635; *Burgess v. Hitt*, 21 Mo. App., 313; *People v. Rickert*, 159 Ill., 496; *Semple v. Eubanks*, 35 S. W. Rep. [Tex., Civ. App.], 509; *Tilley v. Washburn*, 91 Wis., 105. An appeal duly perfected, and where bond is given, strictly speaking, does not absolutely vacate the decree or judgment. If such were the case, all the appellant need do to escape the force of the judgment or decree against him would be to dismiss his appeal in the appellate court. Such dismissal does not reinstate the judgment, it merely releases the suspension of its enforcement which resulted from the appeal. We are aware that in *Minneapolis Harvester Works v. Hedges*, 11 Neb., 48, and *O'Leary v. Iskey*, 12 Neb., 137, it was said that an appeal from a justice judgment has the effect to vacate such judgment. The statement is mere *obiter*. It has been held that an appeal from a justice of the peace does not affect a lien created by the filing of the transcript of the judgment in the proper office prior to the perfecting of such appeal, except to stay the enforcement thereof. (*Dawson v. Cunning*, 50 Ill.

App., 286.)   It is a familiar principle that a judgment or decree in full force is binding upon the parties thereto and their privies as to the issues adjudicated.   (*Fuller v. Brownell,* 48 Neb., 145;  *Gapen v. Bretternitz,* 31 Neb., 302;  *Spear v. Tidball,* 40 Neb., 107;  *Brigham v. McDowell,* 19 Neb., 407.)   Applying this doctrine to the case before us, the decree in the suit of Foley v. Holtry was a complete bar to this action.   They were both parties to the litigation wherein it was adjudicated that Foley was induced to purchase the stock in the corporation through the false and fraudulent representation of Holtry, and the sale was rescinded.   This decree left the parties in the same situation as if the stock had never been transferred to Foley.   Since privies, as well as parties, are bound by a decree, plaintiffs cannot maintain the present action against Foley.   The creditors of the corporation predicate their right to recover against him upon the fact that Holtry transferred to him certain shares of the capital stock which had not been paid up.   They are in privity with Holtry, and he being bound by the decree, they are likewise equally concluded.   (1 Greenleaf, Evidence, sec. 523;  19 Am. & Eng. Ency. of Law, 156;  Winfield, Adjudged Words & Phrases, 487.)   The decree herein against Foley is reversed, and as to him the action is dismissed.

REVERSED AND DISMISSED.