# Mary Schafer v. Niels Buck.

1. JUDGMENTS—*Power of the Circuit Court over Transcripts Filed.*— The filing of a transcript of a justice's judgment in the office of the clerk of the Circuit Court, makes the judgment a lien upon real estate, and it will so remain pending an appeal of the case from the justice.

2. SAME—*Power of the Court over the Lien, Pending an Appeal.*— The court to which the appeal is taken from the justice has no power to substitute the bond and money of the party appealing, deposited with the clerk of the court, so as to release or affect the lien.

**Order of the Circuit Court,** striking a transcript of a justice's judgment from the files; the Hon. FRANK BAKER, Judge, presiding. Appeal by the party filing the transcript. Heard in this court at the March term, 1898. Reversed. Opinion filed May 26, 1898.

BISHOP & LOCKWOOD, attorneys for appellant.

A. A. ROLF and F. L. SALISBURY, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant recovered a judgment against appellee before a justice of the peace, on which, upon oath, immediate execution was issued to a constable, who, four days after the rendition of the judgment, returned it with the following indorsement of his return thereon, viz.:

" The within named defendant, Niels Buck, has no personal property in my county whereof I can cause to be made the judgment and costs within mentioned, or any part thereof, according to the command of the within writ, and I therefore return the same, no part satisfied, this 20th day of April, A. D. 1897.

JAMES LARNEY, Constable."

Afterward, on April 22, 1897, a transcript of the proceedings before the justice, judgment, execution and return thereon, as provided by the statute (Rev. Stat. S. & C., Ch. 79, Sec. 135), was filed with the clerk of the Circuit Court of Cook County, and duly recorded by him, as required by statute, in the transcript record of the Circuit Court.

April 26, 1897, appellee, Buck, perfected his appeal from the judgment rendered against him by the justice, by filing his appeal bond in said Circuit Court on that day, which was approved by the clerk, and a supersedeas issued from the Circuit Court to the justice of the peace.

In the matter of the proceeding by appellant in filing the transcript, etc., April 22, 1897, on motion of appellee, supported by his affidavit, on July 23, 1897, the court ordered that upon appellee depositing with the clerk of the Circuit Court the sum of $200, said transcript of judgment should be stricken from the files and the record thereof stricken from the judgment docket of the Circuit Court, and providing that the $200 to be deposited should be for the payment of any judgment and costs that might be rendered against appellee in the case of the appeal of appellee from the judgment rendered by the justice against him then pending and undisposed of in the Circuit Court, subject, however, to the further order of the court.

Pursuant to said order appellee deposited with the clerk the sum of $200, and the court ordered that said transcript be stricken from the files of the Circuit Court, and the record thereof stricken from the judgment docket, and that " the lien created by the filing of said transcript of judgment is hereby set aside and vacated."

From this order appellant has appealed and contends that the Circuit Court had no jurisdiction to entertain appellee's motion nor to enter said order, and also that if the court had jurisdiction, still the entry of the order was error.

The statute above referred to provides that when a transcript shall be filed in the Circuit Court, " the judgment shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon, out of that court, as in other cases."

In Seymour v. Haines, 104 Ill. 561, it was held that by filing a transcript under this statute, the original judgment before the justice did not become a judgment of the Circuit Court—that "it is still merely the judgment rendered by

the justice of the peace. The proceeding is purely statutory, and for the purpose of obtaining satisfaction of the judgment remaining on the justice's docket. * * * The filing of the transcript and suing out an execution from the clerk's office is but a mode of obtaining satisfaction, by rendering defendant's real estate liable to sale in the same manner as on judgments recovered in the Circuit Court. * * * The judgment remains the same, but an additional means of having execution is given by the statute. It becomes a lien on real estate. It becomes a record. Execution may be issued upon it by the clerk, and it may be satisfied in the same manner as a judgment of the Circuit Court."

In case of a bill filed by a judgment debtor, under facts similar to the case at bar, praying that the record of a justice's transcript and the supposed lien thereby created might be set aside and be held to have no force or effect as against the debtor or his property, and that the judgment in the transcript named, be canceled and held for naught, this court held, in 50 Ill. App. 286, Mr. Justice Shepard delivering the opinion of the court, that by the filing of the appeal bond and the issuance and service of the writ of supersedeas, all proceedings under the judgment were suspended, but the judgment was not thereby vacated or annulled, nor the lien created by the transcript abrogated nor in any way interfered with; that the execution of the lien was stayed, but the lien itself was not destroyed; that it "remained as effectual in every respect, except as to proceedings to enforce it, as it was before the bond was filed and the appeal perfected. The appeal operated to stay proceedings merely, and not to vacate anything that had been done before;" and reversed a decree of the chancellor rendered in accordance with the prayer of the bill and directed that the bill be dismissed.

Under a similar statute in Pennsylvania it has been held that the court had no power to set aside the lien created by such a transcript of judgment pending an appeal from the justice judgment. Dailey v. Gifford, 12 Serg. & R. (Pa.) 72; Engard v. O'Brien, 9 Phil. 559.

The cases from Pennsylvania to the contrary, cited by appellee, were decided under a later statute, which provides, in effect, that the transcript of the justice judgment, when filed in the Court of Common Pleas, should "be and have all the force and effect" of a judgment of that court. Campbell v. Enler, 1 Phil. Co. Ct. Rep. 394.

The only provision of our statute (Ch. 79, Sec. 115) as to the effect of an appeal from a judgment of a justice of the peace when the bond is filed with the clerk of the court to which the appeal is taken, is that upon the supersedeas being served upon "the justice who gave the judgment and the constable in whose hands an execution or other process may be in relation thereto, they shall suspend all further proceedings thereon." We are therefore of opinion that the statute with regard to real estate transcripts, under the facts shown in this record, gave appellant a lien on any real estate of appellee, in Cook county, which was in no way affected by the appeal of appellee, except that all proceedings to enforce such lien were suspended, and that the Circuit Court had no power, upon the deposit by appellee of $200 with its clerk for the payment of any judgment and costs which might be rendered against appellee on the trial of the appeal case, to strike the justice transcript from the files, nor to set aside and vacate the lien of appellant thereby created.

The right is given and must be controlled by the statute, and however great may be the hardship upon appellee of the judgment remaining a lien upon his real estate pending his appeal, the statute has also declared what shall be the effect of such appeal, and has made no provision by which the Circuit Court is empowered to substitute his bond and money deposited with the clerk for appellant's lien. The court being without the power, we can not consider the matter of hardship to appellee, nor the fact that the order would appear to be just or equitable, and to fully protect any rights of appellants. Such considerations are for the legislature, not the courts of law.

Various objections are made by counsel for appellee as to

the sufficiency of the transcript under the statute to create a lien, and therefore justifying the order of the Circuit Court, but we regard these matters as immaterial, since the court was without power to pass upon the sufficiency of appellant's lien in that proceeding. However, if it be conceded the court had power to pass upon the sufficiency of the transcript, we are of opinion that the transcript is sufficient, and in compliance with the statute. The order of the Circuit Court is therefore reversed.