Maynard Patton, Plaintiff-Appellee, v. James E. Kappler, Defendant-Appellant.
James E. Kappler, Plaintiff-Appellant, v. Maynard Patton, Defendant-Appellee.

**Gen. No. 11,361.**

Second District, First Division.
April 26, 1960.

Allen K. Davy, of DeKalb, for appellant.

Wayne Wilson, of Sycamore, for appellee.

JUSTICE DOVE delivered the opinion of the court.

On March 22, 1958, James E. Kappler, a resident of DeKalb County, brought an action in a justice of the peace court in the Village of Kirkland, DeKalb County, to recover from Maynard Patton damages which Kappler alleged he sustained because Patton had breached a contract by the provisions of which he, Patton, was to supply the fuel oil requirements of the plaintiff. Summons was issued and served on the defendant the same day. Upon the return day Patton did not appear and Kappler recovered a judgment against Patton for $130 and costs. Thereafter Patton

perfected an appeal to the circuit court where the cause was docketed and given No. 58–103.

On March 24, 1958, Patton also a resident of DeKalb County, brought an action against Kappler in a justice of the peace court in Sycamore to recover the purchase price of fuel oil which he had previously sold and delivered to Kappler. Summons was issued and duly served on Kappler on March 26, 1958. On April 1, 1958, a default judgment was rendered by the justice in favor of Patton and against Kappler for $164.23 and costs. An appeal was taken by Kappler to the circuit court of DeKalb County and the cause there docketed as No. 58–92.

On May 29, 1958, notice was served by counsel for Patton on counsel for Kappler that on June 5, 1958, Patton would move the circuit court to consolidate these two appeals. On June 2, 1958, counsel for Kappler notified counsel for Patton that on June 5, 1958, he would present his motion praying for the entry of an order in No. 58–92 finding that the claim of Patton asserted by him in this appeal, No. 58–92 is barred and for an order dismissing said claim with prejudice.

The motion of Patton to consolidate the two appeals and the motion of Kappler for an order finding that the claim of Patton against Kappler is barred were heard and determined by one of the judges of the circuit who granted Patton's motion to consolidate the two appeals and denied Kappler's motion to dismiss the claim of Patton asserted in cause No. 58–92. Thereafter the cause was heard by another judge of the circuit and at the trial counsel for Kappler stated to the trial court that he did not choose to offer any evidence and that he was standing on his objections to the order of consolidation and upon his motion to dismiss Patton v. Kappler, No. 58–103. Thereupon the court rendered judgment for Patton and against Kappler for

384

$164.23 and costs in No. 58–103 and in No. 58–92 judgment was rendered in favor of defendant Patton by reason of the failure of Kappler to offer any proof. To reverse this judgment Kappler appeals praying that the claim of appellee in case No. 58–92 be dismissed with prejudice and that the judgment of the circuit court in 58–103 be reversed and this cause be remanded to the circuit court for a trial de novo.

Counsel for appellant insist that the failure of Patton, appellee, to bring forward and submit his claim to the jurisdiction of the justice of the peace court where Kappler had first commenced his action against Patton, barred Patton from submitting any evidence of his claim in any hearing in the circuit court upon the claim of Kappler.

It is the position of counsel for appellee that the judgment of the justice of the peace court rendered in Kappler's case was vacated by the appeal of Patton to the circuit court since a trial in the circuit court from an appeal from a justice of the peace court is a trial de novo, and that the consolidation of the appeals from the respective justice of the peace courts satisfied the requirements of the statute.

The applicable provision of the statute is: "Consolidation of Claims. In all actions which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other, existing at the time of the commencement of the action, which are of such a nature as to be consolidated, and which do not exceed $1000.00 when consolidated into one action or defense; and on refusing or neglecting to do so, shall forever be debarred from suing therefor." (Ill. Rev. St. 1957, Chap. 79, par. 54 (Art. V sec. 18).)

In support of his position, Kappler relies upon Lathrop v. Hayes, 57 Ill. 279. There, Hayes brought an action against Lathrop in a justice of the peace

385

court on a verbal contract alleged to have been made between the parties. The case was commenced by the issuance of a summons on January 3, 1867, and resulted in a judgment against Lathrop for $99.50. Lathrop appealed to the circuit court and in that court Hayes had a judgment for $50 from which judgment Lathrop appealed, to the supreme court. It appeared that two days prior to January 3, 1867, Lathrop had brought a suit against Hayes before another justice of the peace on an account owing him from Hayes. In the first action which was commenced on January 3, 1867, both parties appeared and after trial judgment was rendered in favor of Lathrop and against Hayes and no appeal was taken from that judgment.

On the trial in the circuit court of the appeal of Lathrop from the judgment against him for $99.50, he introduced a transcript of the proceedings in the justice of the peace court case which he had brought against Hayes, and since the claims of the two parties in their respective suits were within the jurisdictional limits of justice of the peace courts and were of such a nature that they could have been legally consolidated into one action and one defense, it was contended that under Section 54 of the Justice of the Peace Act, the failure of Hayes to present his claim was a complete bar to the later suit of Hayes against Lathrop.

In construing Section 54 of the Statute and in deciding the case the Supreme Court said: (pp. 281, 282) "The fair construction of this statute is, that where a party commences his action before a justice of the peace, the adverse party, if he shall have any demands existing at the time of the commencement of the suit, shall bring forward the same to be litigated in that particular suit, if the same are of such a character that they can be consolidated into one defense, or else he shall forever be debarred. Indeed, we do not see

386

how it will bear any other construction without utterly disregarding the plain meaning of the words used. Doubtless it was the intention of the legislature to prevent the multiplicity of unimportant suits in which only small sums of money would be involved. If the party who commences the first action cannot compel the other to submit to the jurisdiction of the justice selected to try the cause, then the intention of the legislature would be totally defeated, and the law would become a dead letter on our statutes. Such a construction would permit a party, so soon as an action was commenced against him, and process served, to turn round and commence another action before another justice against his adversary, and there would be two suits pending at the same time, when the law contemplates that there should be but one. The true meaning of the statute is that both parties shall submit to the jurisdiction of the justice who first obtains jurisdiction, and if the action proceeds to final judgment, both parties will be concluded thereby."

The court then continued (pp. 282, 283): "In this instance the appellant first commenced his action against the appellee, and as soon as service of process was had, the appellee commenced the present action before another justice. This he had no legal right to do. The claims of both parties were under $100.00, and were of such a nature that they could have been legally consolidated in one action and defense. The appellee having failed to set off his claim as the law required him to do, in the action commenced by the appellant, and that suit having progressed to final judgment, his right of action is now forever debarred."

A number of states have statutes similar to Section 54 of our Statute, above quoted, and in 8 A. L. R. 735 there are collected and annotated many cases arising under similar statutes. All of them appear to hold

387

that a defendant who fails to interpose a set-off or counter-claim when sued before a justice of the peace, or in an inferior court not of record, on a claim or contract, is precluded from maintaining a subsequent action thereon.

Patton has not contended that the causes or claims of the respective parties were not of such a nature that they could not be consolidated, nor is it insisted that either one of them, nor both of them together, exceed the jurisdictional limit of a justice of the peace court. When Patton made his motion in the circuit court to consolidate the two cases, he conceded that they were of such a nature that they could be consolidated, and when the court granted his motion and heard them as one appeal, it thereby adopted the construction contended for by Patton.

What Lathrop v. Hayes, 57 Ill. 279, decided was that if a party is sued in a justice of the peace court, he must bring forth in that suit any set-off or demand which he has against the party suing him which existed at the time of the commencement of the action against him and is of such a nature that it can be consolidated and which does not exceed the jurisdictional limit of the justice of the peace court. He has no right to commence another action before another justice of the peace. If he fails to bring forward his claim or demand in the action instituted against him, then he is barred from ever asserting it in any subsequent suit which he may bring.

Patton asserts that the two judgments entered in the respective cases in the justice of the peace courts from which appeals were taken to the circuit court were vacated by the appeals so taken and that the consolidation of the two appeals into one case satisfied the requirements of the statute. It is also asserted that since there were no final judgments in existence after the appeals were taken, there had been no final

adjudication in either case and the parties were therefore afforded an opportunity in the circuit court to present, for the first time, all of their claims and demands to the same court at the same time.

■ An appeal from a judgment rendered in a justice of the peace court does not vacate that judgment. In Schafer v. Buck, 76 Ill. App. 464, the court held that a judgment rendered in a justice of the peace court was not vacated or annulled upon its appeal to the circuit court, but that the appeal operated only to stay the proceedings and not to vacate anything that had been done before. The effect of appeals being taken by the respective parties in the two cases involved here operated only to stay the enforcement of the judgment rendered in the justice of the peace courts and did not vacate those judgments.

■ Patton under the statute, was precluded from commencing his suit against Kappler after Kappler had first instituted an action against him. Patton's failure to assert his set-off, claim or demand in the action against him precluded him from asserting it in a separate action in the justice court or in the circuit court on appeal. The trial court therefore erred in rendering judgment in favor of Patton and against Kappler in the action which Patton originally instituted against Kappler. That judgment is therefore reversed and this cause remanded to the circuit court with directions to proceed in accordance with the views herein expressed.

Reversed and remanded.

McNEAL, P. J. and SPIVEY, J., concur.