## George McDaniel

*v.*

## Benjamin F. Fox *et al.*

1. CHANCERY JURISDICTION—*remedy at law.* Where property is seized on execution without authority of law, the officer making the levy, and the plaintiff in the execution, if he directed, advised or encouraged the levy, will both be liable to the defendant in the execution, in an action of trespass, for all the damages sustained; and if the seizure is wanton or malicious, punitive damages may be allowed. Therefore, a court of chancery will grant no relief against such a levy, as the remedy at law is complete.

2. RES ADJUDICATA—*illegal levy.* Where property was replevied from an officer on the alleged ground that it was held under an illegal levy, and, on the trial, the finding was against the plaintiff in replevin, who was ordered to return the property, it will be presumed, in the absence of any showing to the contrary, that the question as to the legality of the levy was settled in the replevin suit, and such judgment in respect to the character of the levy will be binding in all collateral proceedings so long as it shall remain in force.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was a bill in chancery, by George McDaniel against Benjamin F. Fox and Lorenzo D. Cantrall, for an injunction.

The material facts of the case are stated in the opinion of the court.

Messrs. McCLERNAND & KEYES, and Mr. J. H. MATHENY, for the appellant.

Messrs. STUART, EDWARDS & BROWN, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill, filed in the court below, to set aside a judgment as fraudulent, which was recovered before a justice of the peace, in favor of appellee, and against appellant, for $80.68. The grounds relied on are, that, when appellant attended on the first day set for trial, a continuance was had to a day of which he was not informed by the justice of the peace; that after the judgment was obtained without the knowledge of appellant, and before the time to appeal had expired, he went, with his surety, to perfect it, but was dissuaded by appellee, who promised not to molest him under the judgment, but would look alone to the other defendant for the money.

Appellant swears that such was the fact, but appellee denies it most positively. Where there is oath against oath, and both witnesses are equally interested, and we know nothing of the veracity or standing of either of them, we are not warranted in overruling or reversing the conclusion at which the court below arrived. For aught we know, the court below saw the parties, and was thus better capable of estimating the value of their evidence at its precise worth. On this question we have no ground to disturb the finding of the court.

Appellant further alleges, in his bill, and testifies, that he was in like manner prevented from removing the case to the circuit court by writ of *certiorari*, by promises of appellee that he would release him and collect the money of Crosby,

the other defendant in execution. But this is denied by Fox, and he is corroborated by Hicks and others. The preponderance of evidence seems to be decidedly against the truth of this allegation.

It is also urged that, on the third execution, property was seized sufficient to pay the debt and costs, and it was released by appellant entering into a delivery bond; that the property was not delivered, and after the return day of the execution, the constable seized other property; that the same was replevied from the constable who made the levy, but, on a trial of the replevin suit, the issues were found against appellant, and a judgment rendered for the return of the property, which the sheriff did return to the constable, in bad faith and contrary to agreement.

It is urged that the levy was made without authority, and that the court should have granted relief. In the first place, if this is true, the constable, and the plaintiff in execution, if he advised, directed or encouraged the levy, were both liable at law for such an unwarranted trespass. Appellee, in an action of trespass, would be liable for all damages sustained, and, if it was wanton or malicious, even punitive damages. Hence, if these facts are true, the remedy is ample and complete at law.

But there is another view of this question. The property was replevied, and, we presume, on the ground that the levy was made without legal authority, but the finding was against appellant, and he was ordered to return the property. We must, therefore, presume that the question of the legality of the levy was settled by the replevin suit. If not, it should have been shown on the hearing below. But we do not intend to be understood as determining the question, whether the levy, after failing to deliver the property, shall be under an execution in full life and unexpired, or may be made under the delivery bond and a defunct execution, as that question is not presented by this record. But if the circuit court, in the replevin suit, held such a levy could be made under an

execution ceasing to have vigor, that judgment is binding in all collateral proceedings, until reversed, vacated or satisfied. But, the whole record considered, if appellant has a remedy, it is at law, and not in equity.

The bill recites the fact that the levy and sale had been made, the property sold, and the money realized and paid over to Fox, and prays that the judgment be set aside and canceled, as fraudulent, and Fox and Cantrall be required to account. We have seen that appellant has failed to sustain such allegations of fraud in his bill as requires the judgment to be set aside. It may be, if the levy was made as charged, that it was illegal, and if so. that is not a ground for setting aside the judgment, but would be a ground for an action of trespass if the levy was without authority of law.

The decree of the court below must be affirmed.

*Decree affirmed.*