FRANK GAPEN V. MAGDALENA BRETTERNITZ ET AL.

[FILED JANUARY 27, 1891.]

1. **Judgments:** RES ADJUDICATA. Where a party recovers a judgment upon a contract, the original cause of action is merged in the judgment, which, if in full force and effect, may be pleaded in abatement to a subsequent suit between the same parties on the same cause of action.

2. ——: SATISFACTION. Where a judgment remains unsatisfied, suit may be brought, and a recovery had upon the judgment.

3. A finding by the trial court of the amount due the plaintiff in the case, upon which no final judgment has been rendered, is not a bar to a subsequent suit for the same cause of action.

4. **Judgments:** PRESUMPTION. Where the transcript of a judgment rendered by a justice of the peace on the verdict of a jury gives the names of the jurors and shows that no objection was made to the manner of selecting the jury, it will be presumed that the jury was selected in the mode pointed out in the statute.

ERROR to the district court for Lincoln county.   Tried below before HAMER, J.

*H. D. Rhea,* for plaintiff in error, cited : *Fillion v. State,* 5 Neb., 351; *Baldwin v. State,* 12 Id., 61; *Stevenson v. Anderson,* Id., 86; *Credit Foncier v. Rogers,* 10 Id., 184.

*J. W. Bixler, contra.*

NORVAL, J.

The plaintiff in error recovered a judgment against the defendant in error before A. J. Blonghee, a justice of the peace in Somerset precinct, Lincoln county, for work and labor in the sum of $15 and costs.   The defendants prosecuted a petition in error to the district court, where the judgment of the justice of the peace was reversed, and the cause set down in that court for trial.   The plaintiff brings the case to this court on error.

It is claimed that the justice erred in sustaining the plaintiff's demurrer to the defendants' answer; in the manner of selecting the jury, and in rendering a work and a labor judgment.

It appears from the transcript that the defendants filed an answer in the justice court to the plaintiff's bill of particulars, alleging that "the said plaintiff obtained a judgment against these defendants in the county court of Lincoln county, Nebraska, in June, 1887, on and for the same cause of action sued on in this suit and against the same parties."

It is well settled that a judgment recovered upon the merits in a court of competent jurisdiction may be pleaded in abatement to a subsequent suit between the same parties on the same cause of action, and that when a party recovers a judgment upon a contract, the original cause of action is merged in the judgment.   If the judgment has not been satisfied suit may be brought, and a recovery had upon

such judgment. (*Eldred v. Michigan Insurance Bank*, 17 Wall., 545; *Cromwell v. County of Sac*, 4 Otto, 351; *Schuyler v. Israel*, 7 Sup. Ct. Rep., 648; Freeman on Judgments, sec. 221; *Henderson v. Staniford*, 105 Mass., 504; *Bank v. Wheeler*, 28 Conn., 433; *Rogers v. Odell*, 39 N. H., 452.)

No final judgment was rendered by the county court. The entry reads, " I find there is due from the defendant to the plaintiff the sum of $10 and the costs of this action, taxed at $10.35." This is nothing more than a finding of the amount due the plaintiff, and a judgment for costs. (*Sprick v. Washington Co.*, 3 Neb., 253; *Nichols v. Hail*, 5 Id., 194; *Riddle v. Yates*, 10 Id., 510.)

This finding of fact by the county court, upon which no judgment has been rendered, is not a bar to a subsequent suit between the same parties for the same cause of action. (*McReady v. Rogers*, 1 Neb., 124 ; *Auld v. Smith*, 23 Kan., 65; *Mitchell v. Insley*, 7 Pac. Rep., 201.)

The record does not disclose any error or irregularity in selecting the jury in the justice court. · The justice issued a venire for six persons to serve as jurors, who appeared, and before whom the case was tried without objection. It will be presumed that they were selected in the manner pointed out in the statute, where the contrary does not affirmatively appear from the record.

It is finally urged that the justice erred in rendering a work and labor judgment. No such error was assigned in the petition in error filed in the district court, and cannot be urged for the first time in this court. As no prejudicial error was committed by the justice, the district court erred in reversing the judgment. The judgment of the district court is reversed, and that of the justice of the peace is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.