35   607
36   364

ATCHISON & NEBRASKA RAILROAD COMPANY v. A. P. FORNEY.

[FILED NOVEMBER 2, 1892.]

1. **Eminent Domain:** CONDEMNATION PROCEEDINGS: JUDG-MENT ON APPEAL FROM AWARD. The judgment of the district court on appeal from an award in a condemnation proceeding for right of way is conclusive upon the parties thereto as to all matters actually litigated therein, and also as to all matters necessarily within the issues joined, although not formally litigated.

2. **Railroads:** RIGHT OF WAY: CONDEMNATION PROCEEDINGS: DAMAGES. A railroad company built its track along an alley

and across S. street in the town of R. at an elevation of twenty feet above the level of the ground, upon trestle-work, the benches of the foundation of which rest mostly in the alley, but extending onto the lots adjacent thereto and in the street, being about twenty feet apart. It condemned twenty-five feet of lots 15 and 16 in block 5 next to the said alley for right of way. An appeal was taken from the award of damages to the district court, where judgment was rendered in favor of F., the owner of the lots. *Held,* That the construction of the track is a direct injury to the property, for which the owner was entitled to recover damage in the condemnation proceeding.

3. ———— : ———— : OBSTRUCTION OF STREET: ACTION FOR DAM-AGES : RES JUDICATA. In a subsequent action by F. against the railroad company to recover damage for the obstruction of S. street by said track adjacent to said lots, in the absence of evidence to the contrary, *held,* the presumption is that the cause of action stated in the petition was included in the judgment in the condemnation proceeding, and is now *res judicata.*

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*Marquett & Deweese,* and *E. W. Thomas,* for plaintiff in error.

*John Gagnon,* and *C. Gillespie, contra.*

POST, J.

This was an action by the defendant in error to recover for damages on account of the appropriation by plaintiff in error, defendant below, of a street and alley adjacent to his property in the town of Rulo, in Richardson county. It appears from the petition that the defendant in error is the owner of lots 15 and 16, in block 5, in Rulo proper ; that said property is situated at the intersection of Stutzman and Commercial streets; that Stutzman street runs east and and west and bounds said lots on the north ; that Commercial street runs north and south and bounds said lots on the east, and that an alley extends through said block from north to south and is the western boundary

of the lots aforesaid.   It is further alleged that a building situated on lot 16, near the northwest corner thereof, had been used by plaintiff below, and his tenants for many years as a hotel, and that owing to the sloping character of the ground at that point, the only convenient means of access to said hotel was through the said alley; that some time in the summer of 1886 the defendant below constructed, and has since that time continuously used, a line of railroad through said alley adjacent to said lots, and over and across Stutzman street at and adjacent to the northwest corner of said property; that the track of said railroad through said alley and over said street is twenty feet and more above the level of the ground and is supported by timbers, the benches of which are about eighteen feet apart and so constructed as to make a continuous frame of trestle-work, and that the benches or supporting timbers for said track over Stutzman street are placed inside of said street so that they interfere with the right of way therein, to plaintiff's damage, etc.

The defense relied upon below was, first, a license from the town board; second, a judgment and satisfaction thereof in a condemnation proceeding.  The allegation with respect to the condemnation proceeding was not controverted by the plaintiff below, but at the trial the court held that the judgment in that proceeding did not include any cause of action which might have accrued in his favor for the obstruction of the street and alley, and instructed the jury to find for the plaintiff, notwithstanding the condemnation proceeding.   This direction we all agree was error, for which the judgment of the district court must be reversed. The evidence, to say the least, tends to prove that the damages claimed in this action were included in the award in the condemnation proceeding, and that question should have been submitted to the jury.   The rule is well settled in this state that where the record does not disclose upon what particular cause of action or defense the judgment is

42

based, parol or other evidence may be received for the purpose of proving what issues were tried and settled by the finding and judgment (*Wilch v. Phelps,* 16 Neb., 515; ·Freeman, Judgments, 272), although where a cause of action is directly within the issues presented by the pleadings in a former suit or proceeding, the presumption is that it was considered and settled by the judgment therein rendered (*Id.; McDaniel v. Fox,* 77 Ill., 343). There is, however, a more serious objection to the judgment in this case, viz., it is apparent from the record that the question at issue herein was in fact considered and determined in the condemnation proceeding, and that it is now *res judicata.* The petition or application addressed to the county judge for the appointment of commissioners to assess damages, etc., is in due form, and, among other tracts, names the west twenty-five feet of lots 15 and 16 in block 5, in Rulo proper. Subsequently the commissioners filed their report or award as follows:

" We, the undersigned, disinterested freeholders and commissioners, residents of Richardson county, Nebraska, appointed by the county judge of said county to appraise the damages accruing to the following named owners and lienholders by reason of the appropriation of the hereinafter described lots, parts of lots, and parcels of land taken for right of way, side tracks, and railroad purposes by the Atchison & Nebraska Railroad Company, situated in Rulo proper, * * * in Richardson county, Nebraska, as shown on the map of said railroad as submitted to us by the agent of said railroad company, and belonging to the hereinafter named owners and lien-holders, having been duly qualified, and each having personally examined the premises on the day pursuant to adjournment from June 26, 1886, and at the time mentioned in the notice filed with the county judge at the office of said county judge in said county, find the value and damages according therefor as follows:

"Lots 15 and 16, block 5, Rulo proper—A. P. Forney

and Geo. Bowker, owners of west twenty-five feet of lots 15 and 16, block 5, $1,650. And all other damages accruing by reason of the taking of said lots and parcels of land we hereby appraise, and accordingly award, said values and damages at the total sums set opposite said owners' and lien-holders' names."

From this award the railroad company took an appeal to the district court, where a trial was had, resulting in a judgment for the defendant in error, Forney, which has been paid and satisfied in full.

It further appears to be undisputed that, at the time of the trial of the case on appeal, the track had been fully completed and was in operation along the alley and across the street in question, and that the jury, under the direction of the court, were taken to view the premises. The whole question of the damage to the property was certainly submitted to the jury upon the very best of evidence, viz., the senses of the jurors themselves. When they inspected the property in order to assess the damage of defendant in error they must have observed, not only the situation of the track with reference to the buildings, but also the elevation thereof along the alley and in the street. They saw the foundations or benches upon which the trestle-work rests, extending from the alley onto the lots, and the track extending along the alley and across the street at an elevation of twenty feet and upward, and they could not have excluded the obstruction of the street from their estimate of damage. That was certainly one of the elements of damage, since its direct tendency was to diminish the value of the property. This is but stating in different language the rule that a single cause of action, whether arising *ex contractu* or *ex delicto*, is indivisible. (Freeman, Judgments, 238, 241; *Gapen v. Bretternitz*, 31 Neb., 302.)

Decisions of this court are uniform to the effect that an action for damage will lie in behalf of the owner of property abutting upon a public street, where his easement is

interfered with in the construction of a railroad track, although no part thereof is appropriated. This rule is so well settled as to render the citing of the cases entirely superfluous. It has also been held that the statutory remedy by condemnation proceeding, when once instituted, is exclusive as to all damage for the proper construction of the road. (*F., E. & M. V. R. Co. v. Whalen,* 11 Neb., 585; *R. V. R. Co. v. Fink,* 18 Id., 82; *C., K. & N. R. Co. v. Wiebe,* 25 Id., 542.) As said by the present chief justice in *R. V. R. Co. v. Fink,* "The statutory mode of acquiring the right of way and ascertaining the damages therefor is exclusive as to the manner of assessing the value of the land taken, with damage to the residue of the tract." In the recent case of the *A. & N. R. Co. v. Boerner,* 34 Neb., 240, the question now involved was carefully considered by Judge NORVAL. In that case the point at which the street was obstructed by the railroad track was more than one thousand feet distant from the property involved in the prior condemnation proceeding. Although it was held that there was no presumption that the question of damage was adjudicated in the condemnation proceeding, it is said in the second point of the syllabus: "The judgment of the district court on appeal from an award of damages in condemnation proceedings is conclusive upon the parties as to all questions actually litigated therein, and as to all matters necessarily within the issue joined, although not formally litigated." One cause of action in that case was the obstruction of an alley adjacent to the property by an elevated track, as in this case, but it was held that the conclusive presumption is that compensation for that injury had been allowed in the condemnation proceeding. It is said in the opinion, "Boerner was entitled to have all proper elements of damage considered by the commissioners, and if they failed so to do he cannot afterwards maintain an action to recover the damage then omitted, which was necessarily involved in the issues in the condemnation

proceeding, and which he was bound to present for their consideration therein." And in *R. Co. v. Weimer*, 16 Neb., 272, it was held, in a condemnation proceeding, that the proprietor was entitled to recover on account of a deep cut in a highway adjacent to his property.

The question how remote the obstruction in a street must·be from the property involved in a condemnation proceeding to entitle the owner to maintain a subsequent action therefor, may involve difficulty in its solution; nor have we any occasion to assert a general rule on the subject. The obstruction for which defendant in error claims is so near to his property as to amount to a direct injury to the property itself, so that both the commissioners and the jury in the district court must have taken it into consideration in their estimate of damage. The rule for assessing damage in such cases is well settled in this state, viz.: First, the value of the land actually taken (in this case twenty-five feet next to the alley); second, the depreciation in value, if any, of the remaining part of the tract caused by the construction of the railroad. (*R. Co. v. Marley*, 25 Neb., 138; *Blakeley v. C., K. & N. R. Co.*, Id., 207.) The jury, therefore, in assessing the damage in the condemnation proceeding must have determined the extent of the depreciation in value of the lots in question by the construction of the track, and we are no more at liberty to presume that the obstruction in the street was excluded from their consideration than that they overlooked a building situated on the property itself. The judgment of the district court should be reversed and the case remanded for further proceedings therein.

REVERSED AND REMANDED.

THE other judges concur.