Johnson v. Parrotte.

JOHN JOHNSON, APPELLEE, v. MARCUS L. PARROTTE ET AL., APPELLANTS.

FILED OCTOBER 1, 1895. No. 7439.

1. Supreme Court: JURISDICTION. The supreme court is one of limited jurisdiction, both original and appellate. Its original jurisdiction is prescribed and limited by the constitution, and its appellate jurisdiction is prescribed and limited by statute.

2. **Final Order**: SETTING ASIDE VERDICT: REVIEW. An order of the district court setting aside the verdict of a jury and granting a new trial during the term at which the verdict is returned, and before judgment, is not a final order, and therefore not reviewable by a proceeding in error. (*Artman v. West Point Mfg. Co.*, 16 Neb., 572.)

3. **Creditors' Bill**: VALIDITY OF JUDGMENT: PLEADING. The foundation of every creditors' bill is an unimpeachable judgment, and the plaintiff who exhibits such bill as a condition precedent to his right to relief is required to plead and prove his ownership of a valid and unsatisfied judgment.

4. **Judgments**: COLLATERAL ATTACK: APPEAL: SUPREME COURT: ESTOPPEL. Johnson sued Parrotte for damages in a district court. The jury returned a verdict in favor of Johnson, and Parrotte filed a motion for a new trial. Pending the ruling of the district court on this motion the parties entered into a stipulation, as follows: "That if the court shall grant a new trial herein, that the said plaintiff may review said order granting a new trial by petition in error to the supreme court; and that if said supreme court shall confirm said order granting a new trial, that judgment absolute shall be rendered against the plaintiff, dismissing said action with costs; but if said supreme court reverse said order, then judgment absolute shall be rendered against the defendant for amount of verdict and costs herein." The district court sustained Parrotte's motion for a new trial. Johnson then prosecuted a petition in error to the supreme court, which reversed the order of the district court and, in pursuance of said stipulation, rendered a personal judgment in favor of Johnson and against Parrotte for the amount found by the jury. This judgment Johnson subsequently made the basis of a creditors' bill in the district court and obtained a decree canceling, as fraudulent, the conveyance of certain real estate made by Parrotte and subjecting such real estate to the payment of said judgment. On appeal of Parrotte from this decree, *held*, (1) that it was not enough that this court rendered the judgment after reversing the order made by the district court; that such order of the district court must have been a final order to invest this court with jurisdiction to review it; (2) that the order of the district court sustaining Parrotte's motion for a new trial was not a final order within the meaning of section 581, Code of Civil Procedure; (3) that the supreme court had no original jurisdiction and acquired no appellate jurisdiction of the suit of Johnson v. Parrotte, and therefore its judgment was void; (4) that Parrotte, neither by reason of having been

a party to the stipulation aforesaid, nor by reason of having had in the district court and in the supreme court a suit in equity for a new trial of the original action had estopped himself from assailing this judgment as void; (5) that a void judgment is in reality no judgment at all. It is a mere nullity. It is supported by no presumptions and may be impeached in any action direct or collateral. (1 Black, Judgments, sec. 170.)

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

*F. G. Hamer*, for appellants.

*Dryden & Main, contra.*

RAGAN, C.

The facts necessary to an understanding of this case are briefly as follows: Some years ago, in the district court of Buffalo county, John Johnson sued Marcus L. Parrotte at law for damages for the latter's alleged misrepresentation of some sheep sold by him to Johnson, who had a verdict, and Parrotte filed a motion for a new trial. Pending the ruling of the district court upon Parrotte's motion for a new trial the parties entered into a stipulation as follows: "That if the court [district court] shall grant a new trial herein, that the said plaintiff may review said order granting a new trial by petition in error to the supreme court; and that if said supreme court shall confirm said order granting a new trial, that judgment absolute shall be rendered against the plaintiff dismissing said action with costs; but if said supreme court reverse said order, then judgment absolute shall be rendered against the defendant for amount of verdict and costs herein." This stipulation was incorporated in the record of the case on trial in the district court and that court thereupon sustained Parrotte's motion for a new trial, but rendered no judgment dismissing Johnson's action. Johnson then prosecuted a petition in

error to the supreme court to reverse the order of the district court granting Parrotte a new trial, and the supreme court reversed that order and, in pursuance of the stipulation above, rendered a money judgment in favor of Johnson and against Parrotte for $981.50. (See *Johnson v. Parrotte*, 23 Neb., 232.) The judgment of this court in the case was by mandate certified to the district court of Buffalo county. Subsequently, Johnson caused an execution to be issued out of the office of the clerk of the district court of Buffalo county. This execution was based on the mandate sent down by this court in the case above mentioned, and levied upon certain real estate alleged to have been the property of Parrotte at the time of the rendition of the judgment in the case by the supreme court. The execution not having been returned satisfied, Johnson brought this suit in equity, a creditors' bill, against Parrotte and others in the district court of Buffalo county to have declared fraudulent and void and have set aside certain conveyances made of certain real estate by Parrotte subsequent to the date of the rendition of the verdict above mentioned in the district court of Buffalo county in the law action of Johnson against Parrotte. Johnson had a decree as prayed for in his petition in equity, and Parrotte has brought the same here for review. It will thus be seen that the creditors' bill of Johnson and the decree of the district court under review have for their foundation the judgment of this court pronounced in Johnson v. Parrotte in pursuance of the stipulation quoted above. Did the supreme court have any jurisdiction to render that judgment?

Section 2, article 6, of the constitution provides: "It [supreme court] shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, *mandamus, quo warranto, habeas corpus,* and such appellate jurisdiction as may be provided by law."

Section 582 of the Code of Civil Procedure provides: "A judgment rendered or final order made by the district

court may be reversed, vacated, or modified by the supreme court, for errors appearing on the record."

Section 581 of the Code of Civil Procedure provides: "An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title."

Section 594 of the Code of Civil Procedure provides: "When a judgment or final order shall be reversed either in whole or in part, in the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment."

It will be seen that the supreme court is one of limited jurisdiction, both original and appellate. Its original jurisdiction is prescribed and limited by the constitution and its appellate jurisdiction prescribed and limited by statute It is scarcely necessary to remark that the original dam. age suit of Johnson v. Parrotte brought to the district court of Buffalo county was not a case which related to the revenue, nor a civil case to which the state was a party, nor a *mandamus, quo warranto,* or *habeas corpus* proceeding, and that, therefore, the supreme court would have been and was without any original jurisdiction whatever to hear and determine that case; and had Johnson brought his damage suit against Parrotte to the supreme court in the first instance, that tribunal would have had no jurisdiction over the subject-matter of the action, and any judgment pronounced therein would have been a nullity.

Did the supreme court acquire jurisdiction of the case by the error proceeding prosecuted by Johnson from the order of the district court sustaining Parrotte's motion for a new trial? The answer to this question depends upon whether the order of the district court granting Parrotte's

new trial was a final order within the meaning of sections 581, 582, and 594 of the Code of Civil Procedure above quoted.   These sections have been repeatedly construed by this court, and it has been uniformly held that an order, to be final, must dispose of the whole merits of the case on trial and leave nothing for the further determination of the lower court. (*Smith v. Sahler*, 1 Neb., 310.)    In *Brown v. Edgerton*, 14 Neb., 453, it was held: "An order of a district court vacating its own judgment during the term at which it was rendered is not a final order, and therefore is not reviewable by proceedings in error."    In *Artman v. West Point Mfg. Co.*, 16 Neb., 572, it was held: "An order of the district court setting aside the verdict of a jury and granting a new trial during the term at which the verdict is returned, and before judgment, is not a final order, and therefore not reviewable by proceedings in error." (See, also, *Gapen v. Bretternitz*, 31 Neb., 302.)    And finally, in the very case in which the supreme court assumed to render the judgment made the basis of the case under review, the court said : "The decision of the district court in sustaining a motion for a new trial after the cause has been tried to a jury and verdict returned is not a subject for review until after a final judgment is rendered in a cause." (*Johnson v. Parrotte*, 23 Neb., 232.)    We conclude, therefore, that the supreme court was without appellate jurisdiction to render the judgment made the basis of the present action, and that its judgment was not voidable, but absolutely void.   It is not enough that the judgment rendered by this court was rendered by it after reversing the order under review made by the district court.   Such order must have been a final order to invest this court with jurisdiction to review it; and since the order of the district court granting Parrotte a new trial was not a final order within the meaning of the statute, we conclude that the supreme court never acquired even appellate jurisdiction of that case and that the judgment pronounced by it therein was and is a nullity.

It is insisted by the appellee that the judgment is not open to collateral attack ; that the appellant, by reason of being a party to the stipulation aforesaid, or by reason of certain equity proceedings brought in and had by him in the district court of Buffalo county and in this court for a new trial of the original action after the supreme court had rendered the judgment, is now estopped from assailing the judgment on which this action is based as being void. "Now a void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. But whenever it is brought up against the party he may assail its pretentions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." (1 Black, Judgments, sec. 170.) But for Parrotte to assert that this judgment is void is not to attack it collaterally, as the basis of every creditors' bill is an unimpeachable judgment; and Johnson in this case, as a condition precedent to his right to the relief for which he prayed in his petition, was required to plead and prove his ownership of a valid and unsatisfied judgment. He has done neither. The petition itself does not state a cause of action. It alleges the bringing of the damage suit of Johnson v. Parrotte in the district court of Buffalo county, the return of a verdict in that action in favor of Johnson,

the stipulation of the parties, the sustaining by the district court of Parrotte's motion for a new trial, the prosecution by Johnson of proceedings in error to this court to reverse the district court's ruling, and the rendition by this court of the judgment which he owns and is unsatisfied, and which, he alleges, should be paid by a sale of certain real estate fraudulently conveyed by Parrotte. But the petition does not allege that the district court, in the damage suit, rendered a judgment dismissing Johnson's action. The lack of jurisdiction in this court to render the judgment appears then on the face of the petition. The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.