JOSEPH KAVAN ET AL., APPELLEES, v. CITY OF SOUTH OMAHA, APPELLANT.

FILED APRIL 9, 1910. No. 15,989.

1. Cities: STREET IMPROVEMENTS: DAMAGES. Where two contiguous city lots are used and treated by the owner as one property, in estimating his damages occasioned by lowering the grade of an adjoining street, the injury to the entire property should be considered on an appeal from the award of the board of appraisers, notwithstanding the appraisers have included only one of such lots in their report.

2. ———: ———: ———: APPEAL: WAIVER. Where a lot owner takes an appeal from the award of the board of appraisers appointed to assess his damages occasioned by the grading of a street adjacent to his city lots, he waives all objections as to the invalidity or irregularity of the proceedings of the city council in making the improvement of which he complains.

3. ———: ———: ———: SPECIAL BENEFITS. Under the provisions of the South Omaha city charter, a lot owner is entitled to recover the damages occasioned by the grading of a street in such a manner as to lower it many feet below the natural surface of his lot; and, in estimating the amount of his recovery, special benefits to the property by reason of the improvement, if any, should be set off against the damages he has sustained thereby.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*S. L. Winters, W. C. Lambert* and *J. J. Breen,* for appellant.

*A. H. Murdock* and *W. W. Slabaugh, contra.*

BARNES, J.

This was an appeal to the district court for Douglas county from the finding of the board of appraisers assessing the damages to certain lots in the city of South Omaha, caused by grading S street in said city. The appellant in the district court, who will be called the plaintiff, had judgment, and the city, hereafter called the defendant, has brought the case here by appeal.

It appears that in the year 1906 the city council of South Omaha determined to bring S street, and the approaches thereto, to the grade established by an ordinance of the city known as ordinance No. 370, and created a district for that purpose extending from Eighteenth to Twenty-fourth streets. Appraisers were appointed under the provisions of section 8347, Ann. St. 1907, who qualified, served notice on the property owners within the district, met in pursuance of said notice, and made and filed a written appraisement, setting forth their findings with reference to the amount of damages, with the city clerk, which was duly presented to, and confirmed by, the city council.

The plaintiff, Joseph Kavan, is the owner of lots 23 and 24, block 6, Brown Park addition to the city of South Omaha, situated at the southeast corner of the intersection of S and Twenty-third streets; S street running east and west, and Twenty-third north and south. Lot 24 abuts on S street, and both lots 23 and 24 face Twenty-third street. It appears that the appraisers in making their report found no damage as to lot 24, and made no finding whatever as to lot 23. The plaintiff, being dissatisfied

with the report, obtained a transcript of the proceedings, filed his bond, and perfected an appeal to the district court from the award complained of. After perfecting his appeal the street was brought to grade, and the plaintiff filed an amended petition setting forth that fact. He also alleged therein that ordinance No. 370, providing for the grading of the street in question, was not legally passed, and that the grading was therefore done without authority or jurisdiction on the part of the city, and this allegation is denied by the defendant.

It further appears that at the time South Omaha was incorporated as a village the plaintiff bought lots 23 and 24 above described; that shortly after he purchased them he erected eight small cottages on the two lots, and made other improvements, as alleged in his petition. It appears that up to that time the city had never in any manner worked the street in question, or assumed any jurisdiction over it. Plaintiff's houses were the first ones built in the addition, and at the time they were constructed the corner lot was some $2\frac{1}{2}$ feet above the street as now graded, while on the opposite side of the same street it was from 12 to 14 feet above the present grade. That when plaintiff made his improvements he did so with reference to the natural surface of the ground immediately south of, and on the same side of, the street; that at that time the street was not traveled or used at all. The plaintiff alleged in his petition that he and one Matilda Palik were the owners of the property, and had been for 18 years or more. Thereafter such proceedings were had that the action as to plaintiff Palik was dismissed, and the trial was conducted solely with reference to the rights of the plaintiff Kavan. Plaintiff alleged, and introduced evidence tending to show, that the lots in question were used together as one tract or a single lot, and the jury were allowed to consider the damages to both lots, and returned a verdict accordingly.

Defendant's first contention is that the district court had no jurisdiction to determine the damages, if any, which had accrued to lot 23 by reason of the improvement.

It clearly appears that the plaintiff purchased both lots at the same time, and they were conveyed to him by one deed; that he has improved and used them as a single tract; that they are now incapable of separation, for the houses constructed thereon face on both S and Twenty-third streets; that those facing on S street extend across lot 24 onto lot 23, and therefore the lots should be considered as a single tract of land for the purpose of ascertaining the damages which plaintiff has sustained by reason of the street improvement in question. In *Atchison & N. R. Co. v. Boerner,* 34 Neb. 240, it was held: "Where several contiguous town lots are used and treated by the owner as one property, in estimating his damages occasioned by the appropriation by a railroad company of one of such lots and parts of two others for its right of way, the injury to the entire property should be considered, although the petition filed by the railroad company for the appointment of commissioners only describes the lots across which the road is located."

In *Atchison & N. R. Co. v. Forney,* 35 Neb. 607: "A railroad company built its track along an alley and across S street in the town of R. at an elevation of 20 feet above the level of the ground, upon trestle-work, the benches of the foundation of which rest mostly in the alley, but extending onto the lots adjacent thereto and in the street, being about 20 feet apart. It condemned 25 feet of lots 15 and 16 in block 5 next to the said alley for right of way. An appeal was taken from the award of damages to the district court, where judgment was rendered in favor of F., the owner of the lots. *Held,* That the construction of the track is a direct injury to the property, for which the owner was entitled to recover damage in the condemnation proceeding."

In *Union Elevator Co. v. Kansas City Suburban Belt R. Co.,* 135 Mo. 353, 36 S. W. 1071, it was said: "Where three blocks are used in connection with an elevator for one common purpose, and as one property, and the elevator cannot be successfully conducted without the use of all

the blocks, two of which are used for storing cars, in esti-
mating the damages for the appropriation of a portion of
one block for a railway right of way, it is proper to com-
pute the damages to the property as a whole, although the
blocks are separated by streets across which the owner of
the blocks has laid tracks without the permission of the
city authorities. *Cook v. Boone Suburban Electric R. Co.*,
122 Ia. 437, was a case where a railroad company at-
tempted to condemn private property for railroad pur-
poses, describing only that portion of a farm which was
north of another railroad previously constructed across it
from east to west, and it was held that that fact could
not deprive the owner of the farm on her appeal from
the award of the sheriff's jury of her right to establish a
recovery of damages to her entire farm, when in fact
such northern portion was a part of the whole.    In view
of the foregoing authorities, we are of opinion that the
district court did not err in permitting the jury to con-
sider the damages to both of plaintiff's lots.

It appears that the trial court was of opinion that ordi-
nance No. 370 was illegally passed, and that therefore
the proceedings relating to the grading of S street and
the appointment of the appraisers to assess the plaintiff's
damages were illegal and void, and upon that theory in-
structed the jury as follows: "You are instructed that
as the defendant failed to follow the law in its attempt
to establish a grade for S street, on which plaintiff's
property abuts, its grading of said street in front of plain-
tiff's property in the year 1907 was wrongful, and for
such reasons special benefits to said property by reason
of such grading, if any did exist, cannot be considered by
you in determining the value of the said property imme-
diately after the said grading of said street."    This in-
struction is complained of by the defendant, and it is
contended that the plaintiff having availed himself of the
right to appeal from the finding and award of the board
of appraisers, and by so doing having invoked the juris-
diction of the district court to determine the amount of

his damages caused by the improvement in question, is estopped to question the validity of those proceedings. In other words, that the plaintiff, having appealed from the award of the board of appraisers, must be held to have waived all antecedent defects, and is estopped from availing himself of any irregularities therein. In *Davis v. Commissioners*, 28 Neb. 837, it was held: "Where a landowner files a claim for damages caused by the location of a public road over his land, he thereby waives all objections on the ground of irregularities in locating the road." In *Trester v. Missouri P. R. Co.*, 33 Neb. 171, it was said: "Where a landowner takes an appeal from the award of commissioners, appointed to assess damages for right of way, he waives all objection as to notice and that the appraisers were not properly sworn." In *Gutschow v. Washington County*, 74 Neb. 794, it was held: "When a person files a claim for damages to his premises caused by the location of a proposed drainage ditch, he thereby waives objection to any irregularities in the proceedings to establish the same." Indeed, it may be said that, if the proceedings of the city council by virtue of which S street was graded were illegal and void, then the trial court obtained no jurisdiction by the plaintiff's appeal, and his action should have been dismissed. If the whole proceeding in relation to the grading of S street was void, then plaintiff's only remedy was to proceed against the city for damages by an action in tort; but, if the proceedings possessed sufficient vitality to enable the plaintiff to invoke jurisdiction of the district court by appeal from the award of the board of appraisers, then the district court obtained jurisdiction, and by his appeal he has waived all objections which he might have taken as to their regularity. If the proceedings were void, and plaintiff's action had been one of tort, then the instruction complained of might not have been erroneous. But in this case we are unable to see how the district court could entertain jurisdiction of the appeal from the award of the board of appraisers by virtue of section 8347, Ann. St.

Kavan v. City of South Omaha.

1907, and ignore its provisions to the effect that the appraisers shall appraise and award the damages caused by the improvement, setting off against such damages the special benefits which may accrue by reason thereof. We are therefore of opinion that the instruction complained of was erroneous, and entitles the defendant to a new trial.

Finally, it is claimed by the defendant that a city lot-owner who improves his property before street grades are established, with regard to the natural surface of the ground, is bound to take notice that in improving the streets and rendering them suitable for public travel they will be brought to such a grade as the council may subsequently establish, and he cannot recover damages caused by such an improvement. When the plaintiff purchased his lots, the platted street in question ran along the side of the hill or elevation on which they were situated, and he knew that the road or street would not be left in that condition, that it would at least be leveled from side to side; but he could not anticipate what grade would be finally established therefor, and he might expect that if substantial changes were made from the natural grade for the benefit of the public, and his property was damaged thereby, the public would make good such damage. To hold that he could not recover damages therefor would amount to a nullification of that section of our constitution which provides: "That the property of no person shall be taken or damaged for public use without just compensation therefor." Const., art. I, sec. 21. We are therefore of opinion that the plaintiff in this case is entitled to recover the damages he has actually sustained, less the special benefits to his property, if any, by reason of the street improvement in question.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.