Harold A. Koop, appellee, v. City of Omaha et al., appellants.

114 N. W. 2d 380

Filed April 6, 1962. No. 35174.

*Herbert M. Fitle, Bernard E. Vinardi, Irving B. Epstein, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero,* and *Steven J. Lustgarten,* for appellants.

*Kennedy, Holland, DeLacy & Svoboda* and *Robert L. Berry,* for appellee.

Heard before Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Messmore, J.

This is a civil action brought by Harold A. Koop, plaintiff, against the City of Omaha, a municipal corporation, D. B. Anderson, clerk of the municipal court, and Frank Elias, deputy clerk of the municipal court, defendants, to recover the sum of $100 which the plaintiff had deposited as cash bail for Robert E. Timperley in the municipal court of the city of Omaha in connection with two complaints of the State of Nebraska against Robert E. Timperley, and which amount of $100 for the appearance of Robert E. Timperley had been forfeited by order of the municipal court entered on each of the complaints against Robert E. Timperley.

The plaintiff commenced this action in the municipal court of the city of Omaha on August 24, 1954. The defendants demurred to the plaintiff's petition, which demurrer was sustained. The plaintiff elected to stand on his petition, which was dismissed. Judgment was rendered in favor of the defendants on October 26, 1954. The plaintiff filed an appeal bond to appeal to the district court.

On November 22, 1954, the plaintiff filed a petition in the district court for Douglas County. After several motions had been filed and determined, the defendants, later, on October 31, 1957, filed an answer to the plaintiff's petition.

The plaintiff filed a motion for judgment on the pleadings on October 23, 1959.

On October 6, 1961, the defendants filed objections to the motion for judgment on the pleadings, and, in addition, filed a motion for summary judgment.

On October 9, 1961, the trial court rendered judgment in favor of the plaintiff and against the defendants, the City of Omaha, and Frank Elias, deputy clerk of the municipal court of the city of Omaha, in the sum of $100 with interest at the rate of 6 percent per annum, and costs.

It was stipulated by the parties that the fine of $100 had not been paid.

The defendants filed a motion for new trial. The defendants' motion for new trial was overruled. The defendants perfected appeal to this court.

The plaintiff's petition alleged in substance that on February 27, 1952, plaintiff posted the sum of $100 with Frank Elias, deputy clerk of the municipal court, criminal division, of the city of Omaha, as an appearance bond for the appearance of Robert E. Timperley in the police court of the city of Omaha; that Robert E. Timperley did appear on February 28, 1952, at 9 a.m.; that the plaintiff was advised that the case was continued by someone on that date to July 11, 1952, at which time

the matter came on for trial before the criminal court of the city of Omaha; that an appearance was made for Robert E. Timperley by an attorney; that after a hearing on the merits of the case, the trial judge found Robert E. Timperley guilty as charged, and he was fined $100 and costs on two complaints which were misdemeanors; that thereafter the plaintiff made demand upon the defendants for the return of the appearance bond, producing the original receipt as required; that there had been no lawful forfeiture of said appearance bond; that the receipt had not been transferred to anyone and notwithstanding that an appearance was made by Robert E. Timperley as required by law, the return of the $100 appearance bond posted by the plaintiff was refused; and that the plaintiff was entitled to have the money returned to him, he having in all respects complied with the requirement of the receipt which was given to him on posting the bond. The plaintiff prayed for judgment against the defendants in the sum of $100 with interest and costs.

D. B. Anderson, defendant, as clerk of the municipal court, criminal division, upon his own motion was dismissed out of the case for the reason that he had not been the clerk of the said court since December 1, 1954.

The defendants' answer admitted that Frank Elias was the deputy clerk of the municipal court of the city of Omaha in charge of the criminal division; and that on or about February 27, 1952, the sum of $100 was deposited with the deputy clerk of the municipal court, criminal division, of said city, as a bond on complaint or complaints against Robert E. Timperley. Photostatic copies of the complaints filed against Robert E. Timperley are made a part of the defendants' answer. The defendants' answer alleged that the plaintiff at no time appealed or filed any petition or writ of error to the orders of the municipal court in forfeiting the $100 heretofore mentioned; that plaintiff was barred and

estopped from collaterally attacking or questioning the order of the municipal court in this action; that Robert E. Timperley was fined the sum of $100 and costs on each of the complaints, and at no time since entry of judgment by the court had Robert E. Timperley paid said fine and costs and had not stood committed to jail until the fine and costs were paid; and that Robert E. Timperley did not appear in person at the time of the entry of judgment or subsequent thereto, and had not abided the judgment of the court. On information and belief, defendants admitted that an attorney for Robert E. Timperley appeared at the hearing without Robert E. Timperley being present. The prayer of the defendants' answer was that the plaintiff's petition be dismissed.

Exhibit A attached to the defendants' answer is a state complaint filed in the municipal court of the city of Omaha against Robert E. Timperley, charging him with being an habitual reckless and negligent driver of a motor vehicle and an habitual violator of the traffic laws, on February 28, 1952. On the back side of this complaint it shows that the accused was fined $100 and costs, and ordered to stand committed to the county jail until the fine and costs were paid, "Bond forfeited" and "Issue Capias." In the upper right-hand corner appears the figure $205.

Exhibit B is a state complaint charging Robert E. Timperley with failure to yield right-of-way to pedestrian on or about February 27, 1952. On the back side of this complaint it shows that Robert E. Timperley was fined $100 and costs, and ordered to stand committed to the county jail until the fine and costs were paid, "Bond forfeited" and "Issue Capias." Then appears the figures "7-11-52."

The plaintiff's motion for judgment on the pleadings alleged that the statements and admissions of the pleadings filed were such as to show that this plaintiff was entitled to judgment as a matter of law; and that the plaintiff posted the sum of $100 cash as an appearance

bond for the appearance of Robert E. Timperley in the police court in the city of Omaha, at a day and time certain, as evidenced by the fact that the plaintiff was given a cash receipt. This receipt is in substance as follows: No. 13398 Received $100 for the appearance of Robert E. Timperley in the police court of the city of Omaha at 9 a.m., February 28, 1952. Signed by W. Mc-Ginnis, clerk, and Harold A. Koop, depositor. "BOND WILL NOT BE RETURNED WITHOUT THIS RE-CEIPT NOT TRANSFERABLE." The number appearing on the receipt, 13398, is the same number as appears on the back side of Exhibit A heretofore mentioned.

The plaintiff, in his motion for judgment on the pleadings, further alleged that the appearance bond was merely security for the appearance of Robert E. Timperley at the time fixed therein, which obligation terminated when Robert E. Timperley properly appeared, pleaded, and issue was joined; that the appearance bond in no way constituted a bail bond such as secures both the appearance of the named individual and also the payment of any judgment entered; that in answer to the plaintiff's petition, the defendants, City of Omaha and Frank Elias, admit that Robert E. Timperley appeared through his attorney at the hearing on the complaint against him and by reason of which the subject appearance bond was posted; that a party may properly appear by means of his attorney, plead, join issue, and have judgment entered thereby; and that since all of the terms and conditions of the appearance bond were satisfied by the appearance of an attorney on behalf of Robert E. Timperley, this plaintiff was entitled to have returned to him the $100 cash appearance bond posted by him, for which he prayed judgment against the defendants.

The defendants filed objections to the motion for judgment on the pleadings for the reason that the pleadings establish a failure to plead a cause of action, estoppel being applicable, and plaintiff attempting to

collaterally attack a judgment of the lower court which is final.

The defendants' principal assignments of error may be summarized as follows: The trial court erred in sustaining the plaintiff's motion for judgment on the pleadings; and the judgment of the trial court is contrary to law.

In 1952, when the bail in issue was deposited, section 29-901, R. S. Supp., 1951, provided in part: "When any person charged with the commission of any bailable offense shall be confined in jail, whether committed by warrant under the hand and seal of any judge or magistrate, * * * it shall be lawful for any Judge * * * or police judge within the city of his jurisdiction, to admit such person to bail by recognizing such person in such sum and with such securities as to such judge shall seem proper, conditioned for his appearance before the proper court, to answer the offense wherewith he may be charged, * * *. All recognizances in criminal cases shall be in writing and be continuous from term to term until final judgment of the court in such cases, * * *."

Chapter 87, section 1, Laws of Nebraska 1951, page 250, changed the language in the above-cited section in some minor respects and did add thereto that all recognizances shall be in writing.

Chapter 90, section 1, Laws of Nebraska 1953, page 261, amended the foregoing statute by specifically providing for a cash bond.

Section 29-901, R. R. S. 1943, as amended, contains the same language as such section did in 1952, with the exception that a cash bond may be fixed, conditioned for the appearance of the defendant before the proper court, to answer the offense wherewith he may be charged. We are concerned here with the law of 1952 with respect to this issue.

The plaintiff contends that, in the absence of a statute so authorizing, the power to receive bail does not include the power to accept a cash deposit in lieu of

bail, that such a cash deposit would be void, and the depositor would be entitled to have the cash deposit returned upon demand.

In support of this contention, the plaintiff cites Snyder v. Gross, 69 Neb. 340, 95 N. W. 636. In the cited case it appears that the plaintiff's husband was arrested on a complaint and charged with a criminal offense. The case was continued for 10 days. The plaintiff, with the consent of the justice of the peace, deposited $130 in cash in lieu of a bond. The accused pleaded guilty to the charge. The plaintiff made demand for return of the full amount of money deposited, and this demand was refused. The plaintiff brought suit to recover the amount she had deposited. The bondsmen of the justice of the peace were let out of the case by a peremptory instruction. The court said: "The law is well settled that a magistrate or officer has no authority to accept a deposit of money in lieu of bail in the absence of a statute conferring such right upon him." The case of Appelgate v. Young, 62 Kan. 100, 61 P. 402, is cited which, under similar statutes, held the same as the above-cited case. See, also, 8 C. J. S., Bail, § 52, p. 107.

The plaintiff also cites the following cases. In Dickinson v. State, 20 Neb. 72, 29 N. W. 184, this court said: "A recognizance for the appearance of an accused person to answer to an indictment for felony, taken before and approved by an officer or person unauthorized by law, or where under the facts of the case the taking thereof is unauthorized by law, so that the same fails to be binding under the statute, Held, Also to be void as a common law obligation."

In Johnson v. Parrotte, 46 Neb. 51, 64 N. W. 363, with regard to a void judgment, the court held that such a judgment may be impeached in any action, direct or collateral. This seems to be the majority rule and the rule in this state.

Section 29-2001, R. R. S. 1943, provides in part: "Persons indicted for a misdemeanor may, at their own

request, by leave of the court be put on trial in their absence. The request shall be in writing and entered on the journal of the court."

The pleadings disclose that an attorney appeared for Robert E. Timperley at the time his case was called for trial on July 11, 1952, to which the above section of the statutes applies. Judgment was rendered against Robert E. Timperley as heretofore mentioned.

It appears that the deputy clerk of the municipal court had no authority to take the cash bond. This constituted a void act on his part. The receipt, as heretofore set forth, given to the plaintiff and signed by W. McGinnis as clerk, who is not identified in the pleadings as holding such position, is meaningless. The plaintiff was privileged to bring this action in the manner and form in which he did.

Section 26-118, R. R. S. 1943, provides that the municipal court shall have concurrent jurisdiction with the county court in criminal cases. It also provides that the judges of the municipal court shall exercise the ordinary powers and jurisdiction of justices of the peace, police judges, and police magistrates as applied to criminal actions before the municipal court, in the absence of specific provisions to the contrary.

The forfeiture of the bond involved in the instant case, entered by the municipal court of the city of Omaha, was in a proceeding entitled "State of Nebraska vs. Robert E. Timperley." The proceedings being by a state complaint, sections 14-603 and 14-610, R. R. S. 1943, have no applicability to the instant case for the reason that these sections apply to the violation of city ordinances, and not to cases brought in the name of the state as was done in the instant case. We deem it unnecessary to set forth these sections of the statutes which were cited by the defendants.

There is nothing in the pleadings presented to disclose in what manner the City of Omaha would be benefited or in what manner liability would attach to it.

Under the circumstances, there was no cause of action pleaded against the City of Omaha, and it should be dismissed out of the case.

The cash bail bond in this case was put up by the plaintiff for the purpose of having Robert E. Timperley appear on February 28, 1952, at 9 a.m., to answer to the charges made in the complaints against him in the police court of the city of Omaha. Robert E. Timperley did appear and was released. The plaintiff was advised that the case had been continued to July 11, 1952. The appearance of Robert E. Timperley in the police court of the city of Omaha on February 28, 1952, did not satisfy the obligation of the cash bail bond, for the reason that it is obvious such bond was given in lieu of a written appearance bond for the appearance of Robert E. Timperley before the court. It had the same effect as a written bond for the appearance of the accused, that is, that the matter could be continued from time to time or term to term as the court would require. The recovery sought in this case is not on the bond, but for the return of the money. Therefore, it is an action for money had and received.

We believe the following to be applicable to the phase of the case relating to the defendant deputy clerk of the municipal court who took the cash bail bond.

"Equitable estoppel rests largely on the facts and circumstances of the particular case and will be applied where the wisdom and justice of the principle are founded upon equity, morality and justice in accordance with good conscience, honesty and reason. Under such circumstances, the doctrine subserves its true purpose as a practical, fair and necessary rule of law." City of Grand Island v. Willis, 142 Neb. 686, 7 N. W. 2d 457.

The doctrine of estoppel is based on the grounds of public policy and good faith, and is interposed to prevent injustice and inequitable consequences by denying to a person the right to repudiate his acts, admissions,

or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence. See City of Grand Island v. Willis, *supra*.

The factual situation in each and every case and the circumstances surrounding it are so distinctively different that, out of numerous definitions, not a single one would apply in all cases wherein the question of estoppel is raised, but where the circumstances are such that a grave injustice or inequity would be perpetrated by failing to apply the doctrine, as appears in the instant case, then it may be applied.

The doctrine of equitable estoppel is frequently applied to transactions in which it would be unconscionable to permit a person to maintain a position inconsistent with one in which he has acquiesced or of which he has accepted any benefit. And so also the acceptance of any benefit from a transaction or contract, with knowledge or notice of the facts and rights, will create an estoppel. See Securities Acceptance Corp. v. Brown, 171 Neb. 406, 106 N. W. 2d 456.

In the light of the above authorities, we conclude that the plaintiff should be estopped to recover against the defendant, Frank Elias, designated in this action as deputy clerk of the municipal court.

We reverse the judgment of the trial court and remand the cause with directions to dismiss the plaintiff's action.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.