STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, APPELLANT, V. WILLIAM J. BUDD, APPELLEE.

175 N. W. 2d 621

Filed March 20, 1970. No. 37364.

Stephen G. Olson and Daniel J. Cole, Jr., of Fraser, Stryker, Marshall & Veach, for appellant.

Stephen A. Davis of Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

The issue in this case is the right of defendant to invoke the statute of limitations as a defense. Plaintiff maintains that defendant is estopped to use this defense. The trial court entered judgment for defendant. We reverse the judgment of the trial court.

On December 26, 1961, plaintiff's insured, Sam F. Garafalo, was involved in an automobile accident with defendant William J. Budd. Defendant was insured by the Aetna Casualty & Surety Company. Garafalo sustained personal injuries and damage to his automobile. The accident resulted from the negligence of defendant. Plaintiff paid its insured the fair and reasonable value of damage to his automobile and was subrogated to his claim against defendant in the sum of $1,650.

Correspondence discloses that plaintiff notified Aetna of its subrogation claim and on March 31, 1962, was notified by letter that the claim would be considered upon conclusion of the personal injury claim arising out of the accident. Similar responses were made by Aetna to plaintiff's inquiries on April 16, 1962, October 15, 1962, March 20, 1963, October 7, 1963, November 7, 1963, and February 25, 1964. On May 18, 1964, Aetna stated: "We

are still not in a position to honor your subrogation claim, as the bodily injury portion of the file is still open. When we are able to close the BI portion, we will then be in a position to honor your subrogation claim." Again on July 7, 1964, Aetna stated it was not yet in a position to honor the subrogation claim. On September 29, 1964, Aetna reiterated it was not yet in a position to consider plaintiff's claim as the bodily injury claim had not been settled. On January 13, 1965, Aetna stated: "Suggest you diary the matter to April 1, 1965 and at that time we might have the bodily injury claims closed and will be in a position to honor your subrogation claim." On March 8, 1965, Aetna reiterated that the bodily injury claim was not closed and suggested plaintiff diary its file to June 1, 1965. On July 2, 1965, plaintiff was again informed the bodily injury claim remained open and would be advised when it was settled. The same information was forthcoming on July 19, 1965, and on October 21, 1965, when Aetna suggested plaintiff diary its file 90 days. On February 8, 1966, Aetna notified plaintiff that the statute of limitations having run, the claim was rejected by Aetna. Subsequently plaintiff notified Aetna it had requested the delay and had misled plaintiff. Aetna refused to reconsider and this action was brought.

The facts are undisputed and were all submitted by stipulation. Aetna, as defendant's representative, pleaded the statute of limitations and plaintiff's petition was dismissed. The evidence, consisting entirely of the correspondence and stipulation of the parties, presents a question of law and not of fact. If the evidence is entirely written and relates to matters as to which the trial court is in no better position to reach a correct solution than the appellate court, this court will be governed by its own conclusions as to the weight of the evidence. See, Faulkner v. Simms, on rehearing, 68 Neb. 299, 94 N. W. 113; Colby v. Foxworthy, 80 Neb. 239, 114 N. W. 174. "The appellate court will consider the finding of a trial court based on an agreed statement of ultimate

facts as if trying the case originally in order to determine whether the facts warranted the judgment." 5A C. J. S., Appeal & Error, § 1661, p. 580. See, also, General Asb. & Sup. Co. v. Aetna Cas. & Sur. Co., 101 Ind. App. 207, 198 N. E. 813; Davis v. Vermillion, 173 Kan. 508, 249 P. 2d 625.

By the great weight of authority, the equitable doctrine of estoppel in pais may, in a proper case, be applied to prevent a fraudulent or inequitable resort to a statute of limitations and a defendant may, by his representations, promises, or conduct be so estopped where the other elements of estoppel are present. See Annotation, 24 A. L. R. 2d 1417. "Equitable estoppel rests largely on the facts and circumstances of the particular case and will be applied where the wisdom and justice of the principle are founded upon equity, morality, and justice in accordance with good conscience, honesty, and reason. Under such circumstances, the doctrine subserves its true purpose as a practical, fair, and necessary rule of law." Koop v. City of Omaha, 173 Neb. 633, 114 N. W. 2d 380.

"Equitable estoppels cannot in the nature of things be subjected to fixed and settled rules of universal application like legal estoppels, nor be hampered by the narrow confines of a technical formula.

"Equitable estoppel rests largely on the facts and circumstances of the particular case. * * *

" '* * * a person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereon.' " National Union Fire Ins. Co. v. Bruecks, 179 Neb. 642, 139 N. W. 2d 821.

The case of Rupley v. Huntsman, 159 Cal. App. 2d 307, 324 P. 2d 19, is somewhat analogous to the case before us. Plaintiffs' tractor was negligently damaged by defendants. Agents of defendants' insurance company notified plaintiffs' attorney it could not discuss their

claim until personal injury features of the case had been disposed of and later reiterated its position. After the personal injury features had been settled, plaintiffs threatened to bring suit but were assured that the insurance company was ready to take up their claim when invoices desired preliminary to settlement were supplied. The invoices were given to the insurance company's representative who forwarded them to the company and said he should have a reply by the time he returned from his vacation. In the meantime, the statute of limitations ran against the claim and it was rejected. The court held that: "When the act or promise of one causes another to do or forbear to do something which he otherwise would have done, the other is estopped from taking advantage of the act or omission caused by his own act or promise. One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought." See, also, Safeway Stores, Inc. v. Wilson, 190 Kan. 7, 372 P. 2d 551; Industrial Indem. Co. v. Industrial Acc. Comm., 115 Cal. App. 2d 684, 252 P. 2d 649; Kinsey v. Thompson, 44 Ill. App. 2d 304, 194 N. E. 2d 565; LaBonte v. New York, New Haven & Hartford R.R. Co., 341 Mass. 127, 167 N. E. 2d 629.

In the present case, defendant's insurer on three occasions assured plaintiff it would "honor" plaintiff's claim and concedes it was liable for the full amount of the claim. Having convinced plaintiff that its claim would be honored or paid, it was not difficult to secure multiple extensions of time until the statute of limitations had run against the claim. In reliance on Aetna's assurances, plaintiff forbore suit. Now defendant seeks to take advantage of his insurer's trickery and dishonesty to defeat plaintiff's just claim. To permit him to do so would be contrary to equity, morality, justice, and good con-

science.  We find that defendant should be held to the position previously assumed by his insurer and should be required to "honor" plaintiff's claim.

The judgment of the district court is reversed and this cause is remanded with directions to enter judgment for plaintiff for the conceded amount of its claim.

REVERSED AND REMANDED.